UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENEL RANDOLPH,<br><br>    Petitioner,<br><br>    v.<br><br>RONALD RACKLEY,<br><br>    Respondent. | Case No.: 1:16-cv-01275-JLT (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS SECOND AND SUCCESSIVE<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

On December 15, 2003, Petitioner was convicted of possession of a controlled substance in Kern County Superior Court. By that time, the petitioner had suffered two or more convictions for serious or violent felonies. Thus, the Kern County Superior Court sentenced him to a term of 25-years-to-life. In this action, the petitioner claims his sentence was not authorized by law. Petitioner has previously filed a habeas petition raising the same claim in case no. 1:15-cv-01528-AWI-JLT. Because this petition is second and successive, it must be **DISMISSED** pursuant to 28 U.S.C. § 2244(b)(1).

I.    **PROCEDURAL HISTORY**

The instant petition was filed on August 29, 2016, challenging the petitioner's 2003 Kern County Superior Court conviction for possession of a controlled substance and his subsequent three

strikes sentence of twenty-five-years-to-life.[1]  In the course of conducting a preliminary screening of the petition, it has come to the Court's attention that the petitioner has previously filed a habeas petition challenging this same conviction.

In case no. 1:15-cv-01528-AWI-JLT, a petition challenging the same conviction was filed on October 8, 2015.  On August 17, 2016, the undersigned issued a Findings and Recommendation that recommended the petition be denied on the merits.  (Doc. No. 16 for case no. 1:15-cv-01528-AWI-JLT).  The docket reflects that objections were due within twenty-one days, and the case is now pending review by the District Judge.

## II.   PRELIMINARY REVIEW OF PETITION

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

## III.   SUCCESSIVE PETITION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right, or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth Circuit.  Section 2244 (b)(3)(A) provides:

---

[1] Petitioner consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) on September 8, 2016.

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In other words, Petitioner **must** obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

It is undisputed that the instant petition is successive. Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this successive petition attacking his conviction. That being so, this Court has no jurisdiction to consider Petitioner's second application for relief from that conviction under § 2254 and must dismiss the petition. Id.

## IV.     CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

## V.     ORDER

For the foregoing reasons, the Court **ORDERS**:

1. The Petition for Writ of Habeas Corpus is **DISMISSED** as second and successive;
2. The Clerk of the Court is **DIRECTED** to enter judgment and close the case; and
3. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 13, 2016**               /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE